FILED
SUPERIOR COURT
OF GUAM

2018 APR 20 PM 4: 37

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARK HEATH, CHAPTER 7 BANKRUPTCY TRUSTEE, <br><br> Plaintiff, <br><br> vs. <br><br> NELSON GONG and WINNER ENTERPRISES, <br><br> Defendants. | ) CIVIL CASE NO. CV0904-15 <br> ) <br> ) DECISION & ORDER ON PLAINTIFF'S <br> ) MOTION FOR PARTIAL SUMMARY <br> ) JUDGMENT AND DEFENDANTS' <br> ) CROSS-MOTION FOR SUMMARY <br> ) JUDGMENT <br> ) <br> ) <br> ) |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on Plaintiff Mark Heath, Chapter 7 Bankruptcy Trustee's ("Plaintiff") Motion for Partial Summary Judgment filed on October 2, 2017, and upon the Opposition to Plaintiff's Motion for Summary judgment [and] Cross Motion for Summary Judgment filed by Defendants Nelson Gong and Winner Enterprises ("Defendants") filed on October 30, 2017.  Plaintiff filed a Reply to Defendants' Opposition and Cross-Motion on November 8, 2017.  Plaintiff is represented by Attorney Gary W.F. Gumataotao, Esq.  Defendants are represented by co-counsels Attorney Edward C. Han, Esq. and Attorney Peter C. Perez, Esq.  The Court took the matter under advisement on January 22, 2018, without oral argument, pursuant to CVR 7.1 of the Local Rules of the Superior Court.

This Decision and Order now follows HEREBY **DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT.**

# BACKGROUND

The undisputed facts pled in the Verified Complaint (Sep. 21, 2015) and admitted by Defendants' Answer and Counterclaim (Nov. 30, 2015) are that Defendant Gong, on or around April 3, 2015, tendered a check in the amount of $4,254.82 to Evangeline Valencia (Valencia), the manager of Valencia Service Stations, LLC (VSS) with the memo line of the check containing the writing "1st Payment of Inventory of Valencia Service Stations, LLC." Defendant Gong had expressed to Valencia an interest in purchasing the inventory of three Mobil stations operated by VSS. A physical inventory of the contents of all three stations was conducted by Defendant Gong together with employees of VSS and Mobil. Plaintiff claims that the parties entered into a contractual agreement for Defendant to purchase the entire inventory of VSS, and Plaintiff is therefore entitled to collect full payment of the balance due from Defendant, in the approximate amount of $80,000.

Defendant Gong maintains that the check was tendered as a loan to Evangeline so that she could pay three outstanding GPA power bills for the Mobil Gas stations, and that in the event that the parties reached an agreement to purchase the inventory, the $4,254.82 would be considered an initial payment for the purchase. Def.'s Opp. to Pl.'s. Mot.; Cross-Motion at 3 (Oct. 30, 2017). Defendant Gong further asserts that the parties never reached an agreement to consummate the purchase of the inventory. *Id.*

Plaintiff argues that the Court, in determining the existence of a contract, should not look beyond the four corners of the writing (which is the check issued by Defendant Winner) and should therefore grant Partial Summary Judgment on the issues of contract validity and liability thereupon. Pl.'s Mot. for Partial Summary Judgment at 1 (Oct. 2, 2017).

# LAW AND ANALYSIS

## A. Failure of Defendants' Opposition to comply with CVR 7.1.

In filing their Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment, Defendants failed to include the CVR 7.1 Form 1; therefore, the Plaintiff argues, that Defendants' Opposition is void and the Court should not consider it. Plaintiff's Reply at 3 (Nov. 8, 2017). CVR 7.1 requires certain procedures to be met when a party files a motion. These procedures include the filing of a CVR 7.1 Form 1.

> CVR 7.1. Motion Practice
>
> (a) Applicability. The provisions of this Rule shall apply to motions, applications, petitions, orders to show cause, and all other proceedings except a trial on the merits, matters arising in civil cases assigned to the Master Calendar, and applications for a temporary restraining order, unless otherwise ordered by the court or provided by statute, the Guam Rules of Civil Procedure or the Local Rules of the Superior Court of Guam.
>
> (c) Moving Papers. There shall be filed and served:
> (1) A Notice of Motion and Motion using CVR 7.1 FORM 1
>
> (f) Failure to File Required Papers. Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule shall not be considered without leave of court.

While the Court, as a general rule, would hold all parties to strict compliance with the Rules of Civil Procedure and would otherwise have denied consideration of the Defendants' Cross-Motion for failing to attach the CVR 7.1 Form 1 to their responsive pleading, in the interests of judicial efficiency and because Plaintiff has not been prejudiced by such failure to file Form 1 as it has been given notice and an opportunity to respond to it, the Court will continue to address the substantive issues raised therein. The Court cautions the parties, however, that the Court may not be inclined in the future to exercise its discretion to permit

consideration of filings that are non-compliant with the applicable rules. The Court now turns to the substantive issues raised in the parties' moving and responsive pleading.

**B. Summary Judgment Standard.**

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, depositions, interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that, taken in the light most favorable to the non-movant, the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Izuka Corp. v. Kawasho International, (Guam), Inc.*, 1997 Guam 10 ¶ 7, 8.

[A] party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations omitted).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in a light most favorable to the non-moving party. Bank of *Guam v. Flores*, 2004 Guam 25. If, however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶ 7. Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Id.*

The burden upon the moving party is significant in a motion for summary judgment. The Guam Supreme Court has explained that a defending moving party may satisfy such burden "by showing there is an absence of evidence" to support a claim. *Guam Sanko Transportation, Inc. v. Pacific Modair Corporation*, 2012 Guam 2 ¶ 7 (citations omitted). It may also satisfy its burden by "producing evidence negating an essential element" of a claim. *Id.*

Although Subpart 56(b) of the Guam Rules of Civil Procedure allows that "[a] party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment," this does not relieve the movant from separately identifying the disputed and undisputed facts and essential elements of the cause of action for which summary dismissal is sought and applying and analyzing them under the appropriate standard. Guam R. Civ. P. 56(b); *Guam Sanko Transportation, Inc. v. Pacific Modair Corporation*, 2012 Guam 2 ¶¶ 7-8; see, *Lamb v. Hoffman*, 2008 Guam 2 ¶¶ 34-36 (In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law); Guam R. Civ. P. 7 (An application to the court for an order shall . . . shall state with particularity the grounds therefor . . .).

### C. Plaintiff and Defendants Each Seek Summary Judgment on the Existence and Enforceability of the Parties' Agreement, Or Lack Thereof.

Both parties have moved for summary judgment on the issue of whether an enforceable contract exists between them for the purchase of the inventory of the three Mobil stations. Plaintiff asserts that summary judgment should issue because the check issued by Defendants unequivocally evidences an enforceable contract because it is a negotiable instrument and sufficient terms – the signature of the party against whom enforcement is sought and the subject matter of the purchase (the inventory) and the purchase price (the amount of the check) – are

sufficient to grant summary judgment. On the other hand, Defendants argue that the check does *not* contain necessary essential elements, not the least of which is a meeting of the minds as to material terms and, therefore, because the parties do not dispute that there is no separate writing containing the agreement of the parties, summary judgment should be granted in Defendants' favor. Because the answer to the question of whether an enforceable contract exists is determinative of both pending motions, the Court addresses the parties' collective arguments, below.

    1. <u>The UCC pre-empts common law analysis in breach of contract cases.</u>

Plaintiff argues that the Uniform Commercial Code (UCC) pre-empts common law analysis and application pertaining to negotiable instruments such as checks. Pl.'s Mot. for Partial Summary Judgment at 3-4 (Oct. 2, 2017). UCC § 1–103 allows the continued application of all supplemental bodies of law unless they are displaced by the UCC. 13 GCA § 1103 (2005). The Supreme Court of Guam has ruled that the existence of a UCC remedy for breach of contract precludes recovery for a common law breach of contract claim. *Hemlani v. Hemlani*, 2015 Guam 16 ¶ 31. As such, the Court analyzes Plaintiff's claim for summary judgment under the provisions of the UCC, which is codified in Guam law as Title 13, Guam Code Annotated.

    2. <u>Requirement of a writing sufficient to indicate the existence of a contract under 13 GCA § 2201(1).</u>

In order to succeed in a breach of contract action under Guam law, the Plaintiff must prove: 1) the existence of the contract, 2) the plaintiff's performance or excuse for nonperformance, 3) the defendant's breach, and 4) resulting damages to the plaintiff. *Hemlani* at ¶ 19. (numerous citations omitted). The gravamen of Defendant's Opposition and Cross-

Motion for Summary Judgment is that no valid contract exists between the parties which serves to obligate Defendants to purchase the inventory of the Mobil stores.

Guam law concerning statute of frauds provides that a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. 13 GCA § 2201(1). "Goods" refers to all things which are moveable at the time of identification to the contract for sale other than money, investment securities, and things in action. 13 GCA § 2105(1).

Plaintiff maintains that the check itself serves as a writing for the sale/purchase of goods valued at over $500. Pl.'s Mot. for Partial Summary Judgment at 6 (Oct. 2, 2017). Plaintiff further contends that the writing is signed by the party charged (Defendant Gong) and is therefore a valid contract and the Court need not look beyond the four corners of the writing to determine the validity of the contract. *Id.* at 5. In opposition to the Plaintiff's Motion, Defendants cite to several disputed "facts" which were set forth in the Defendants' Amended Answer as well as during the depositions of Evangeline Valencia and Plaintiff, thus giving rise to general issues of material fact precluding summary judgment in Plaintiff's favor. *See, Opp. to Pl's Mot. for Summary Judgment; Cross Mot. for Summ. Judg.* at pp. 13-20.

It is undisputed that there is no written document regarding any agreement between the parties for the sale of goods which identifies the goods specifically sought to be purchased, terms of the sale, including, but not limited to, purchase price, physical delivery of the goods, consideration for the purchase or other significant and material terms. Plaintiff avers that the check, as a negotiable instrument and despite that it contains no terms or provisions that would

ordinarily be found in a written agreement for the sale and purchase of goods, is sufficient to evidence a legally binding and enforceable contract of the parties. While the check includes the name of Defendant Winner Enterprises and the purported signature of Defendant Gong, the amount of the sum paid, and the memo "1st Payment of Inventory of Valencia Service Stations, LLC," the check does not include any other details concerning the transaction, as discussed, *supra*. Because of the lack of particularity required in order for the Court to find an enforceable contract existed between the parties, the Court finds that the check issued by the Defendant is insufficient to satisfy the statute of frauds. Accordingly, even considered in the light most favorable to the non-moving party, the Court finds that there is no genuine issue of material fact as to whether the parties had an enforceable agreement – there simply was none. As such, the Court GRANTS the Defendants' cross motion for summary judgment on the Plaintiff's breach of contract claim.

### D. Plaintiff's fraud claim does not satisfy requirements of GRCP Rule 9(b).

Plaintiff also asserts a claim against Defendants for "fraud in the inducement." Verified Complaint at ¶17. Although Plaintiff did not file an opposition to Defendants' motion for summary judgment on Plaintiff's fraud claim, the court must still "consider the merits of the motion before it." *Quitugua v. Flores*, 2004 Guam 19 ¶ 27. "The failure to write an opposition to a motion, the filing of a notice of non-opposition to a motion, or the disregard of untimely filed papers, does not require the court to automatically grant the motion and is not dispositive of the motion itself." *Id.* at ¶ 28.

Defendants argue that Plaintiff has failed to plead fraud properly under the Guam Rules of Civil Procedure, and that the Court should therefore grant summary judgment in favor of the Defendants on this issue. Def.'s Opp. to Pl.'s Mot.; Cross-Mot. at 20-21 (Oct. 30, 2017).

The Guam Rules of Civil Procedure, Rule 9(b) requires that "in all averments of fraud... the circumstances constituting fraud... shall be stated with *particularity*. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." (emphasis added). *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 (comparing the requirements of Rule 9 with Rule 8 requiring only a "short and plain statement of the claim."). Allegations of fraud, the Guam Supreme Court confirms, "must be 'specific enough to give defendants notice of the particular [fraudulent] misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" *Id.* (citing *Bly-Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001)(quoting *Neubronner v. Milken*, 6 F3d 666, 672 (9th Cir. 1993)). Providing additional guidance, the Guam Supreme Court has also ruled that "mere conclusory allegations of fraud are insufficient" as are "allegations based entirely on information and belief." *Id.* at ¶15 (numerous citations omitted).

In his Verified Complaint at ¶ 17, Plaintiff asserts a claim for fraud in the inducement, alleging as follows:

> Defendants are also guilty of fraud in the inducement in that they procured the subject merchandise under a knowing and willful false promise to pay, said promise induced Plaintiff to rely thereupon and transfer all said merchandise subject to this suit, with justified reliance by Plaintiff upon Defendants' promise to pay for and receipt of partial payment and take possession thereof, Plaintiff suffered damage equal to the compensatory value of all said merchandise to include those goods that may have been expired in "sell by" dates upon a promise to pay and Defendants' (sic) have refused and/or failed to pay despite demands thereunto.

The Court finds that the Plaintiff's assertion of fraud contains vague statements which do not meet the particularity required by Rule 9. The Complaint fails to identify the specific "promise to pay" or how such promise to pay was a "knowing and willful false [sic]" one. It further fails to specify how Plaintiff's reliance was "justified," which is particularly informative in this case

where a promise to pay, if any were made, would have been made not to the Plaintiff in this case, but to Valencia. As set forth in the Defendant's Opposition, to which Plaintiff filed no reply, Plaintiff Mark Heath had no direct or personal knowledge of the purported contract between Valencia and the Defendants and obtained the information which forms the basis of the fraud claims through Plaintiff's counsel. Opp. at pp. 8, 9.

Accordingly, the Court finds that Plaintiff has failed to plead fraud with the requisite particularity as required in GRCP 9 and, moreover, that because summary judgment is appropriate with regard to Plaintiff's fraud claim, the Court hereby GRANTS the Defendants' motion for summary judgment in regards to this claim.

**E. Defendants are entitled to summary judgment on Plaintiff's damages claim under contract and quasi-contract theories.**

As with the fraud claim, Plaintiff has failed to respond to Defendants' motion for summary judgment on this issue. The Court will proceed nonetheless pursuant to the authority cited above in *Quitugua v. Flores*.

Defendants argue that Plaintiff has failed to establish damages or a damages amount in the pleadings, the deposition testimony, the answers to interrogatories, or in any other materials, and that Defendants are therefore entitled to summary judgment on Plaintiff's damages claim pursuant to Rule 26(a)(1)(C). Def.'s Opp. to Pl.'s Mot.; Cross-Mot. at 21 (Oct. 30, 2017).

(a) Required Disclosures; Methods to Discover Additional Matter.

(1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which

such computation is based, including materials bearing on the nature and extent of injuries suffered.

In his initial disclosures, Section C, Plaintiff does not provide a calculation of damages and instead states, "[a]t this time, discovery is still ongoing. Plaintiff/Counterclaim Defendant will supplement their responses as additional documents, if any, become available through further discovery in this matter." In his Supplemental Rule 26(a)(1) Initial Disclosures, Plaintiff does not provide a damages calculation. In his Second Supplemental Rule 26(a)(1) Initial Disclosures, Plaintiff again fails to provide a damages calculation.

In his Prayer for Relief, Plaintiff seeks "compensatory damages" of $80,000 for claims arising in "contract, unjust enrichment and detrimental reliance." Verified Complaint at ¶16; Prayer at ¶A. (Sep. 21, 2015). Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure and, further, Plaintiff has stated in his Initial Disclosures that discovery is still ongoing and that his responses would be supplemented as discovery progressed. Initial Disclosures at 2 (Jul. 20, 2016). Thus, the failure to include such specific calculations does not justify the demise of the Plaintiff's claim for damages. However, what does justify a motion for summary judgment on the issue of damages is Plaintiff's failure to establish in the pleadings and record before the Court the existence of a valid, enforceable contract or a viable claim for fraud. The Court further finds that Plaintiff's claims for damages under equitable principles of unjust enrichment and detrimental reliance are unfounded by the record.

1.    Plaintiff fails to establish claims under equitable principles of unjust enrichment and detrimental reliance.

A Plaintiff asserting a claim for damages under a theory of unjust enrichment must establish: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or

knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value. Williston on Contracts (3d ed. 1970) §1499 (quoted by *Alternatives Unlimited, Inc. v. new Baltimore City Bd. of School Com'rs*, 843 A.2d 252, 299-300 (Md. App. 2004), cited in *Tanaguchi-Ruth + Associates v. MDI Guam Corp.*, 2005 Guam 7 (Guam 2005)). In the instant case, the Defendants did not receive any benefit from the plaintiff – no goods, no inventory, no "stock" – thus, the Court need not go further than the first requisite element to find that the Plaintiff's claim for unjust enrichment must fail.

Under a theory of detrimental reliance, recovery is based upon a theory of quasi-contract. *Tanguchi-Ruth*, supra at ¶48, 49 (citing *Coleman Eng'g. Co. v. North Am. Aviation, Inc.*, 420 P.2d 713, 729 (Cal. 1966)(*en banc)*. The Guam Supreme Court has recognized recovery under a theory of detrimental reliance as follows:

> When two parties act in furtherance of the performance of services but fail to execute a contract to express their intent, and are both at fault for this failure, the loss suffered should be borne by the person who requested performance from the other. It would be unjust to force the loss to be borne by the person whose performance was undertaken upon reasonable reliance on a request to perform. Recovery, therefore, is allowed based on "a moral obligation to restore to his original position a party who has acted to his detriment in reliance on a representation, technically unenforceable, by another that he will give value for a detriment suffered." *Coleman Eng'g. Co. v. North Am. Aviation, Inc.*, 55 Cal.Rptr. 1, 420 P.2d at 729. The rule "place[s] the loss where it belongs-on the party whose request induced performance in justifiable reliance on the belief that the requested performance would be paid for." Id.
>
> We therefore hold that a person performing at the request of another "should be paid by the person whose request induced the performance." Earhart, 158 Cal.Rptr. 887, 600 P.2d at 1352. In receiving requested performance, the law implies that the defendant received a "benefit" regardless of whether an actual

benefit was received, and recovery under a quasi-contract theory should be permitted in such circumstances.

Applying these principles to the facts as alleged in the light most favorable to the Plaintiff – the non-movant in relation to Defendants' Cross-Motion for Summary Judgment, the Court finds that the record before the Court (the testimony of Valencia and of Heath as discussed, above, as well as the pleadings, answers to interrogatories, admissions on file and all affidavits) establishes that Valencia did not reasonably rely on any representation by the Defendants to purchase the inventory or the "stock" of the Plaintiff. For these reasons, Defendants' motion for summary judgment on the issue of damages under both a contract and quasi-contract theory is therefore GRANTED.

## CONCLUSION

Because the Court finds that the Plaintiff has failed to establish the existence of a contract and any alleged breach thereof, Plaintiff's Motion for Summary Judgment on the issue of "contract validity and liability thereupon" is hereby DENIED. Consistent with its findings of no valid contract and that the fraud averments do not plead the claim as required under Rule 9, the Court hereby GRANTS Defendants' cross motions for summary judgment on Plaintiff's claims of breach contract and fraud. Finally, Defendants' motion for summary judgment on the issue of damages under both a contract and quasi-contract theory is therefore GRANTED.

//

//

//

//

//

The Court's instant Decision and Order having disposed of all of Plaintiff's claims as set forth in its Verified Complaint as a matter of law, a separate Judgment shall issue dismissing Plaintiff's claims.

**SO ORDERED** this _____ APR 2 0 2018 _____.

HONORABLE MARIA T. CENZON
**Judge, Superior Court of Guam**



SERVICE VIA COURT P...
I acknowledge that a copy of the
original hereto was placed in the
court box on
HAN, P.C. PEREZ
4/20
Deputy Clerk, Superior Court of G...